THE HOLYOKE ENVELOPE COMPANY v. W. R.
HEAGLER *et al.*

No. 400.   (63 Pac. 450.)

SALES — *Consideration—Insolvency of Vendor— Garnishment.*
Where the greater part of the consideration paid for the transfer
of a stock of goods by an insolvent firm was the satisfaction of
indebtedness due from the deceased father of a member of the
firm, and where the firm itself had not become as a matter of law
liable for the payment of such indebtedness, *held,* that the pur-
chaser of the goods was liable in garnishment proceedings to gen-
eral creditors of such firm to the extent of the amount of such in-
debtedness.

Error from Lyon district court; W. A. RANDOLPH,
judge. Opinion filed January 12, 1901. Reversed.

*W. T. McCarty,* and *J. G. Hutchison,* for plaintiff in
error.

*J. Harvey Frith,* for defendant in error.

The opinion of the court was delivered by

MILTON, J. : Heagler & Co., a firm composed of
W. R. Heagler and B. B. Heagler, his wife, trans-
ferred by bill of sale their entire stock of goods to
John Blank for an expressed consideration of $989.52,
and Blank thereupon entered into possession of the
goods. Heagler & Co. being insolvent and owing
numerous creditors, the plaintiff in error, having ob-
tained a judgment upon a claim against the firm,
caused Blank to be summoned as garnishee, and a
trial was had under the statutes as to the truth of the
answer of the garnishee in which he denied having
property belonging to Heagler & Co. and denied
owing them any sum whatever. The justice dis-
charged the garnishee, and the plaintiff in error

Envelope Co. v. Heagler.

thereupon filed his petition in error in the district court of Lyon county, which, after a hearing, affirmed the order of the justice of the peace.

It appears that $608.50 of the consideration which John Blank purported to pay for the stock of goods was by cancelation of indebtedness due Blank from John Bay, deceased, father of Mrs. Heagler, and that Heagler & Co. were insolvent. It was not proven that Heagler & Co. ever had become, as a matter of law, liable for the payment of the said indebtedness. It must, therefore, be held that, to the extent of the amount of such indebtedness, John Blank was, by reason of the possession of the goods transferred to him by Heagler & Co., liable to the general creditors of the firm. We see no reason to doubt that such liability could properly be ascertained and declared in the garnishment proceedings before the justice of the peace, the amount of the plaintiff's claim being within the jurisdiction of the court. The judgment of the district court affirming the order of the justice of the peace is erroneous, and will accordingly be reversed.